UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN RAD, JONATHAN BADEEN, PAUL CAFARDO, GARETH JOHNSON, JAMES KIM, ALEXA MATEEN, JUSTIN MATEEN, JOSHUA METZ, RYAN OGLE, and ROSETTE PAMBAKIAN,<br><br>     Plaintiffs,<br><br>  v.<br><br>IAC/INTERACTIVECORP and MATCH GROUP, INC.,<br><br>     Defendants. | Case No. 18 Civ. 7358<br><br>**MATCH'S NOTICE OF REMOVAL** |

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Match Group, Inc. ("Match") hereby removes this action, captioned *Rad, et al.* v. *IAC/InterActiveCorp, et al.*, Index No. 654038/2018, from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. As grounds for removal, Match states as follows:

**I.     The Court Has Diversity Jurisdiction over This Action.**

1.     Removal is proper on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

  **A.     Complete Diversity Exists.**

2.     The plaintiffs are each residents of Los Angeles, California, except for Justin Mateen, who is a resident of Las Vegas, Nevada. *See* Compl. ¶¶ 28-37.

3. Defendant Match is a Delaware corporation with its principal place of business in Dallas, Texas. Compl. ¶ 40. Pursuant to 28 U.S.C. § 1332(c)(1), Match is therefore a citizen of Delaware and Texas for purposes of 28 U.S.C. §§ 1332 and 1441.

4. Defendant IAC/InterActiveCorp ("IAC") is a Delaware corporation with its principal place of business in New York, New York. Pursuant to 28 U.S.C. § 1332(c)(1), IAC is therefore a citizen of Delaware and New York for purposes of 28 U.S.C. §§ 1332 and 1441.

5. In sum, plaintiffs are all either citizens of California or Nevada, and no defendant is a citizen of California or Nevada.

6. Therefore, there is complete diversity between plaintiffs and defendants.

**B.  The Amount in Controversy Exceeds $75,000.**

7. Plaintiffs purport to seek, among other things, monetary damages of "not less than $2,000,000,000." Compl. Prayer for Relief (a). Therefore, pursuant to 28 U.S.C. § 1446(c)(2), the amount in controversy exceeds the $75,000 minimum required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**II.  Removal to This Court Is Timely and Proper.**

8. To the best of Match's knowledge, no defendant has been served with a summons and a copy of the complaint. The Second Circuit has held that a defendant may remove a case consistent with 28 U.S.C. § 1446(b) even before the 30-day deadline for removal in § 1446(b) is triggered. *See Cutrone* v. *Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 147 (2d Cir. 2014); *see also Veleron Holding, B.V.* v. *Stanley*, 2014 WL 6386733, at *2 (S.D.N.Y. Nov. 13, 2014) ("§ 1446(b)(1) permits a defendant to file a notice of removal before being served with a complaint, provided the case is otherwise removable.").

9. The "forum-defendant rule" of 28 U.S.C. § 1441(b)(2) does not bar removal. That provision states that:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed *if any of the parties in interest properly joined and served as defendants* is a citizen of the State in which such action is brought.

§ 1441(b)(2) (emphasis added).

10. Although IAC is headquartered in New York, it has not been served. While the matter is unsettled, as several courts in this district have held, the forum-defendant rule — by its unambiguous terms — does not bar removal where the in-state defendant has not yet been served. *See Cheung* v. *Bristol-Myers Squibb Co.*, 282 F. Supp. 3d 638, 642-43 (S.D.N.Y. 2017); *Stan Winston Creatures, Inc.* v. *Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003) ("[C]ourts have held, virtually uniformly, that where, as here, complete diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability."); *see also* Wright & Miller, *Federal Practice and Procedure* § 3723 ("[A] diverse but resident defendant who has not been served may be ignored in determining removability."); *but see, e.g.*, *Veleron*, 2014 WL 6386733, at *3-4.

11. As the district court explained in *Cheung*, "[d]efendants are entitled to act to remove a case based on the circumstances at the time they are sued, and are not required to guess whether a named resident defendant will ever be served." *Cheung*, 282 F. Supp. 3d at 642. Further, "[w]hatever the merit to the argument that it runs counter to the policies undergirding diversity jurisdiction to allow a defendant to petition for removal immediately after a case opening and before it is possible to serve the defendant, that argument is insufficient to overcome the abundantly clear language of the statute." *Id.* at 643.


12. Indeed, as the Supreme Court recently explained, clear language in jurisdictional statutes must be followed to the letter: "The statute says what it says — or perhaps better put here, does not say what it does not say. . . . [T]his Court has no license to disregard clear language based on an intuition that Congress must have intended something [different]." *Cyan, Inc.* v. *Beaver Cty. Employees Ret. Fund*, 138 S. Ct. 1061, 1069, 1078 (2018).

13. Because IAC has not been served, it does not need to join in or consent to removal of the action pursuant to 28 U.S.C. § 1446(b)(2)(A).

14. The United States District Court for the Southern District of New York is the federal judicial district embracing the Supreme Court of the State of New York, New York County, where this lawsuit was originally filed.

15. A copy of the state court docket and all materials filed in the state court are attached as Exhibits A through C.

16. Match will promptly file a true and correct copy of this Notice of Removal in the Supreme Court of the State of New York, New York County, and serve written notice of the same upon all parties to the action, in accordance with 28 U.S.C. § 1446(d).

17. By filing this Notice of Removal, Match does not waive and expressly reserves any rights, claims, actions, defenses, or set-offs to which it is or may be entitled in law or at equity, including the right to compel arbitration.

Wherefore, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Match hereby removes this action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, New York County.

Dated: August 14, 2018               Respectfully Submitted,

**WACHTELL LIPTON ROSEN & KATZ**


/s/ Marc Wolinsky
Marc Wolinsky
Stephen R. DiPrima
Nathaniel D. Cullerton
Jonathan Siegel
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019
Telephone:  (212) 403-1000

*Attorneys for Match Group, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 14th day of August, 2018, a true and correct copy of the foregoing Notice of Removal was served via e-mail and U.S. mail, first-class, postage pre-paid, to the following counsel of record:

Orin Snyder
Matthew Benjamin
Laura Raposo
Connor Sullivan
Gibson, Dunn & Crutcher
200 Park Avenue
New York, NY  10166
Telephone: (212) 351-4000
OSnyder@gibsondunn.com
MBenjamin@gibsondunn.com
LRaposo@gibsondunn.com
CSSullivan@gibsondunn.com

Christine Demana
2100 McKinney Avenue
Dallas, TX  75201
Telephone:  (214) 698-3100
CDemana@gibsondunn.com

*Attorneys for Plaintiffs Sean Rad, Jonathan Badeen, Paul Cafardo, Gareth Johnson, James Kim, Alexa Mateen, Justin Mateen, Joshua Metz, Ryan Ogle, and Rosette Pambakian,*

/s/ Jonathan Siegel